```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

ALFREDO ESCOBEDO and MARIA           *
ESCOBEDO,
                                     *
     Plaintiffs,
                                     *      CASE NO. 3:08-CV-105 (CDL)
vs.
                                     *
WAL-MART STORES, INC., JACQUE
LECOE, in his capacity as a Wal-     *
Mart employee, ROGER WHITE, in
his capacity as a Wal-Mart           *
employee, MARGARET DAWSON, in
her official capacity as a City      *
of Gainesville police officer,
and ED BINGHAM, in his capacity      *
as a Wal-Mart employee,
                                     *
     Defendants.
                                     *

## O R D E R

This action arises from the alleged false imprisonment and malicious prosecution of Plaintiff Alfredo Escobedo and his wife, Plaintiff Maria Escobedo. Presently pending before the Court is the Motion to Transfer Venue of Defendants Wal-Mart Stores, Inc., Jacque Lecoe, and Roger White (Doc. 3). These Defendants seek to have this action transferred to the Gainesville Division of the Northern District of Georgia. For the following reasons, the Court grants Defendants' motion.

1

BACKGROUND

Plaintiffs, who reside in the Gainesville, Georgia area, were frequent customers of the Gainesville Wal-Mart store.[1]  On or around September 1, 2005, another Wal-Mart patron had her purse stolen at the store.  Defendants Lecoe and White, Wal-Mart loss prevention associates, were unable to apprehend the purse-snatcher.

Plaintiffs returned to the store on October 14, 2005 for another routine shopping trip.  After shopping for approximately twenty minutes, they were approached by Defendant Bingham, a uniformed City of Gainesville Police Officer, who informed Plaintiffs that they were suspects in the September 1 purse snatching.  Among other things, Plaintiffs allege that Defendants Bingham and Lecoe illegally seized and interrogated them; that Defendant Dawson falsely arrested them; and that Defendant White identified Plaintiffs as the purse snatchers after viewing them in an illegal photographic lineup.  Plaintiffs were eventually tried and found not guilty of felony theft by taking.

Plaintiffs originally filed a seventeen-count Complaint in the Superior Court of Clarke County, contending that each Defendant's role in their arrest and prosecution violated their rights under Georgia law and the Georgia Constitution.  Plaintiffs contended that venue was proper in Clarke County because Defendants Lecoe and White lived there.  When Plaintiffs attempted to serve Lecoe and White, however, Plaintiffs discovered that the two no longer resided in

---

[1]Gainesville is located in Hall County, Georgia, which is within the Gainesville Division of the Northern District of Georgia.

Clarke County.[2] Consequently, Plaintiffs filed a motion to transfer venue to the Superior Court of Cobb County. Plaintiffs based their transfer motion on the fact that Defendant Wal-Mart's registered agent for service of process is located in Cobb County.[3]

Plaintiffs subsequently amended their Complaint to clarify that Defendant Dawson was being sued in both her individual and official capacities and to assert claims against Defendants arising under 42 U.S.C. § 1983 and the United States Constitution. Defendants timely removed the action to this Court and shortly thereafter filed the presently-pending motion to transfer venue.[4] Plaintiffs' state court motion to transfer venue was still pending at the time of removal.

## DISCUSSION

Defendants Wal-Mart, Lecoe, and White seek to transfer this case to the Gainesville Division of the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

---

[2]Although Defendants White and Lecoe no longer reside in Clarke County, they continue to reside in counties embraced by the Middle District of Georgia. (Pls.' Resp. in Opp'n to Defs. Wal-Mart Stores, Inc.'s, Jacque Lecoe's, and Roger White's Mot. to Transfer Venue 3.)

[3]Cobb County is located within the Northern District of Georgia.

[4]Defendants Margaret Dawson and Ed Bingham also consent to the requested transfer. (Defs.' Reply Br. in Supp. of Mot. to Transfer Venue 1.) Defendants also represent that the City of Gainesville consents to the transfer. (*Id.*)

have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *accord Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) ("The decision to transfer a case to another district is left to the sound discretion of the trial court."). Because federal courts traditionally afford the plaintiff's choice of forum considerable deference, the party seeking the transfer bears the burden of establishing that the proposed venue is convenient and fair. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Ultimately, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (internal quotation marks omitted).

**I.   Where this Action "Might Have Been Brought"**

The Court's first task is to determine whether the pending action "might have been brought" in the forum proposed by Defendants–the Gainesville Division of the Northern District of Georgia. 28 U.S.C. § 1404(a). The U.S. Supreme Court has defined this statutory language simply: "If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where (the action) might have

4

been brought.'" *Hoffman v. Blaski*, 363 U.S. 335, 334 (1960) (internal quotation marks omitted). The court in the suggested forum must therefore have subject matter jurisdiction; it must be able to exercise personal jurisdiction over the parties; and it must provide a proper venue. *See id.*

The Northern District would clearly have subject matter jurisdiction over Plaintiffs' § 1983 claims, which "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Moreover, venue would be proper in the Gainesville Division of the Northern District of Georgia. When a court exercises federal question subject matter jurisdiction, a plaintiff may bring a cause of action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). In this case, the events giving rise to Plaintiffs' claim occurred in Hall County, Georgia, which is served by the Gainesville Division of the United States District Court for the Northern District of Georgia. Finally, that Court is able to exercise personal jurisdiction over each of the Defendants to this action because each Defendant has significant ties to the proposed forum. In sum, this action "might have been brought" in the Northern District of Georgia. 28 U.S.C. § 1404(a).[5]

---

[5]The parties do not argue that the Northern District cannot exercise subject matter jurisdiction over Plaintiffs' claims or personal jurisdiction over the parties. Plaintiffs claim, however, that because the case was pending in Clarke County, Georgia when it was removed, venue is only proper in the Athens Division of the Middle District of Georgia. In support of this proposition, Plaintiffs rely on *Lundhal v. Public*

**II. Convenience of the Parties and Witnesses and the Interest of Justice**

The Court must next determine whether the "convenience of parties and witnesses" and "the interest of justice" weigh in favor of the requested transfer. The Eleventh Circuit has identified nine factors relevant to this inquiry:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The Court must also bear in mind that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson*, 74 F.3d at 260 (internal quotation marks omitted).

---

*Storage Management, Inc.*, 62 F. App'x 217, 218-19 (10th Cir. 2003).
    Plaintiffs' reliance on *Lundhal*, an unreported case from a foreign circuit, is misplaced. In *Lundhal*, the defendant removed the case to federal court; then, relying upon 28 U.S.C. § 1391(b), the defendant asked the district court to either dismiss for improper venue or to transfer the case to a more convenient forum. *Lundhal*, 62 F. App'x at 218. The Tenth Circuit held that the district court should not have granted the motion to dismiss on the basis of 28 U.S.C. § 1391, and venue in the federal district court embracing the place where the action was originally pending was proper pursuant to 28 U.S.C. § 1441(a). *Id.* at 218-19. Nowhere in the *Lundhal* opinion did the Tenth Circuit state that it would be improper for a defendant to request a § 1404 transfer of venue after the case had been properly removed.

Several of the Eleventh Circuit's factors are equally balanced here. For example, the federal courts of either district would likely be able to compel the attendance of any recalcitrant witnesses. *See, e.g.,* Fed. R. Civ. P. 45(e) (permitting a court to hold in contempt any person who refuses to obey a subpoena, unless "the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)"; Fed. R. Civ. P. 45(c)(3)(A)(ii) (requiring a court to quash or modify a subpoena that requires a nonparty to travel more than 100 miles from where the nonparty resides, works, or regularly transacts business in person).[6] Additionally, both federal courts will be equally familiar with the law governing Plaintiffs' claims.

After balancing the remaining factors, however, the Court concludes that the most appropriate forum for this action is the Northern District of Georgia. The convenience of the parties favors the Gainesville Division of the Northern District. Plaintiffs reside in the Northern District, as do Defendants Bingham and Dawson. The City of Gainesville, which is deemed a party for Plaintiff's official capacity claims against Defendant Dawson, is considered a Northern District resident. Defendant Wal-Mart resides in both districts for venue purposes. The only two parties who reside in the Middle

---

[6] Athens and Gainesville are located approximately forty miles apart, and Plaintiffs contend that from their Gainesville-area home, it is about a forty-five minute commute to Athens. (Pl.'s Resp. in Opp'n to Defs. Wal-Mart Stores, Inc.'s, Jacque Lecoe's, and Roger White's Mot. to Transfer Venue 5.)

District seek to have the case transferred to the Northern District, and thus the Middle District must not be more convenient to them. Based on the foregoing, the Court finds that the Gainesville Division is more convenient for the parties.

All of the tortious conduct alleged in Plaintiffs' Complaint occurred in Hall County, another factor in favor of transfer to the Northern District. Likewise, the present record demonstrates that all non-party witnesses and records are located in Hall County. (Defs.' Mot. to Transfer Venue 6-7.) Thus, the convenience of the parties and witnesses, the locus of operative facts, trial efficiency, and the location of relevant evidence strongly weigh in favor of the proposed transfer.

The only factor in favor of the Middle District is deference to the Plaintiffs' choice of forum. While this factor is traditionally afforded substantial weight, courts within this district have also observed that "a plaintiff's choice of forum is afforded less weight if the plaintiff resides outside the forum due to the difficulty plaintiff will have in showing why the original forum is more convenient," and "a plaintiff's choice of forum is also afforded little weight if the majority of the operative events occurred elsewhere." *See, e.g., Rigby v. Flue-Cured Tobacco Co-op Stabilization Corp.*, No. 7:05-CV-122 (HL), 2006 WL 1312412, at *5 (M.D. Ga. May 11, 2006). Under the circumstances of this case, the Court finds that Plaintiffs' choice of forum is clearly outweighed by

other considerations, including the locus of operative facts, the convenience of the parties and non-party witnesses, the location of relevant documents, and trial efficiency.

Based on the foregoing and the interest of justice, the Court finds that the Gainesville Division of the Northern District of Georgia is a more appropriate venue than the Middle District of Georgia.  Accordingly, this action should be transferred to the Gainesville Division of the Northern District of Georgia.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Transfer Venue (Doc. 3).  The Clerk shall transfer this action to the Northern District of Georgia, Gainesville Division.

IT IS SO ORDERED, this 17th day of December, 2008.

S/Clay D. Land
    CLAY D. LAND
UNITED STATES DISTRICT JUDGE
